

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| In the Marriage of | ) | |
| | ) | No. 40216-9-III |
| JEFFREY SHAMMAH KNOWLES, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| AMY LOUISE KNOWLES, | ) | |
| | ) | |
| Appellant. | ) | |

STAAB, A.C.J. — Following a dissolution trial between Jeffery and Amy

Knowles,[1] Amy appealed the trial court's child support order and denial of her motion for

a new trial. She did not appeal the court's final parenting plan. Nevertheless, on appeal

she raises numerous issues related to the parenting plan. Due to deficiencies in the record

and briefing, we are unable to address most of her assignments of error. Ultimately, we

affirm the trial court's order.

---

[1] Because the parties have the same last name we refer to them by their first names
for clarity and ease of reading. No disrespect is intended.

BACKGROUND

This case revolves around family law litigation that began in 2021 and resulted in a four-day trial that occurred in November 2023. The parties were married for 16 years and have four children. The issues at trial concerned the parenting plan, child support order, and the division and allocation of property and debts. Although the final parenting plan is not part of the record, we glean from the trial court's findings that it designated Jeffery as the primary parent and limited Amy's contact with the children. The court also imputed income to Amy and ordered her to pay Jeffery child support.

Following trial, Amy filed a motion for new trial, raising several issues. The court denied this motion by written order.

Amy filed a timely appeal, but did not order any transcripts from the trial or file a report of proceedings.

ANALYSIS

On appeal, Amy raises several challenges to the trial court's orders following a bench trial. Ultimately, we review these decisions for abuse of discretion. *See In re Marriage of Chandola*, 180 Wn.2d 632, 642, 327 P.3d 644 (2014).

Following a bench trial, we review the trial court's findings of fact and conclusions of law. Unchallenged findings constitute verities on appeal. *In re Estate of Jones*, 152 Wn.2d 1, 8, 93 P.3d 147 (2004). Challenged findings are verities if they are supported by substantial evidence. *In re Marriage of Black*, 188 Wn.2d 114, 127,

392 P.3d 1041 (2017). "Substantial evidence" requires us to determine if the evidence is "sufficient to persuade a rational, fair-minded person of the truth of the finding." *Jones*, 152 Wn.2d at 8. When considering whether evidence is substantial, "[w]e do not review the trial court's credibility determinations or weigh conflicting evidence 'even though we may disagree with the trial court in either regard.'" *Black*, 188 Wn.2d at 127 (quoting *In re Welfare of Sego*, 82 Wn.2d 736, 740, 513 P.2d 831 (1973)).

We review conclusions of law de novo and consider whether they are supported by the trial court's findings. *Littlefair v. Schulze*, 169 Wn. App. 659, 664, 278 P.3d 218 (2012).

As a preliminary matter, we note that several deficiencies prevent our review of most of the issues raised by Amy. To begin with, Amy failed to appeal some of the orders she challenges in her brief. Amy filed two notices of appeal. The first notice was filed on January 24, 2024, and designated the order denying her motion for a new trial as well as "accompanying Court Orders entered on January 2, 2024." Attached to this notice were the trial court's minutes and the order denying the motion for a new trial. The next day, Amy filed a second notice of appeal, designating and attaching the final order on child support entered on January 2, 2024. She did not appeal nor designate the court's final parenting plan.

Under RAP 5.3(a)(3), a notice of appeal must "designate the decision or part of decision which the party wants reviewed." In addition, the order or decision being

3

appealed should be attached to the notice of appeal. RAP 5.3(a). Although Amy did not appeal the trial court's final parenting plan, she raises several challenges to this order on appeal. Under RAP 5.3(f), we can disregard defects if the notice of appeal "reflects an intent by a party to seek review." Here, while it is clear that Amy is challenging the court's final parenting plan on appeal, she failed to attach this order to her notice of appeal and failed to designate this order as part of the clerks papers. Consequently, even if we wanted to review the issues related to the parenting plan, we are unable to do so because of the deficient record on appeal.

In addition, the record on appeal does not contain any transcripts from the trial. As the appellant, Amy "has the burden of perfecting the record so that [this] court has before it all the evidence relevant to the issue[s]" on appeal. *In re Marriage of Haugh*, 58 Wn. App. 1, 6, 790 P.2d 1266 (1990). Under RAP 9.2(b) "[a] party should arrange for the transcription of all those portions of the verbatim report of proceedings necessary to present the issues raised on review." The rule specifically provides that a party claiming that a finding of fact was not supported by the evidence, "should include in the record all evidence relevant to the disputed verdict or findings." *Id*.

Here, the challenged orders were entered following a bench trial. The court's findings used to support the orders were based on evidence presented at trial. Without transcripts from the trial, it is impossible to determine if the evidence presented at trial supports the court's findings. When an appellant fails to provide the court with a record

sufficient for review, we cannot reach the merits of their arguments. *See Olmsted v. Mulder*, 72 Wn. App. 169, 183, 863 P.2d 1355 (1993) (noting that the court could not reach the merits of the appellant's argument because he failed to provide the court with a sufficient trial record).

We set forth the issues raised in Amy's appeals and address them to the extent allowed by the record on appeal.

*1. Determination of the Law*

Amy alleges that the trial court erred by abdicating its responsibility to find facts and determine the law to child protective services (CPS) and police. In particular, with respect to allegations of child abuse and sexual misconduct, she argues that the trial court deferred to the opinions of outside agencies and failed to consider evidence that she presented.

The trial court found that "Mr. Knowles credibly testified that Amy Knowles had engaged in significant misconduct that harmed the children," and then listed several specific examples. In one example, the trial court found that Amy Knowles had physically abused one of the children by using tweezers to remove small sores from the infant's body and emotionally abused some of the other children by making them participate in this event. The court noted that the incident was reviewed by CPS and Children's Hospital and both entities concluded that the incident constituted physical abuse as a matter of law. Based on the examples set forth, the court concluded that good

cause existed to adopt the recommendations of the guardian ad litem and suspend residential time for Amy as set forth in Jeffery's proposed parenting plan. Amy contends that the trial court did not independently find that Amy's actions amounted to child abuse and erred by accepting the legal determinations of outside agencies.

Contrary to Amy's assertion, the trial court found that her misconduct harmed the children and this harm supported a conclusion that Amy's residential time should be suspended. Under RCW 26.09.191(2)(a)(ii), a court can restrict a parent's residential time upon a finding that the parent has engaged in physical abuse. While the trial court's general findings and conclusions are part of the record, there are usually additional findings and conclusions in the final parenting plan, especially when the court makes findings that result in restrictions on a parent's residential time.

Here, we do not know if additional findings and conclusions were entered and we do not know the nature of any restrictions because the parenting plan is not part of the record on appeal. Within the findings of fact in the record, the trial court found that Amy's misconduct harmed the children and then provided specific examples. To the extent that Amy contends the trial court failed to consider her evidence or gave too much weight to the testimony of other witnesses, this is a determination of credibility within the trial court's sole province. To the extent she contends that the court's findings were not supported by the evidence, the lack of transcripts precludes our review.

2. *Motion for Rape Examination*

Amy challenges the trial court's decision denying her motion for a physical rape examination of the parties' child. Amy's motion for a rape examination pertained to the court's parenting plan, residential placement of the children, and limitations on her time with the children. The trial court found that "Ms. Knowles has a documented history of making false and baseless reports of sexual misconduct of others." Clerk's Papers at 620. The court went on to find that her complaints were not credible and her request to have her four-year-old child submit to a rape examination would cause harm to the child.

On appeal, Amy contends that the trial court's findings are based on the incompetent testimony of witnesses who worked for CPS. She asserts that the CPS workers lacked personal knowledge of the allegations and did not have the medical expertise to provide expert opinions. We cannot consider these claims because the trial transcript is not part of the record and we cannot verify the testimony, objections, or trial court rulings.

3. *Trial Court's Finding on Amy Knowles's Credibility*

Amy contends that the court improperly discredited her testimony due to procedural missteps as a pro se litigant. She argues that the trial court questioned the credibility of her allegations because they were made shortly before trial. On appeal, she contends that even if this is true, the trial court erred in not giving her grace as a pro se litigant. Amy's argument fails for several reasons.

First, Amy failed to designate a report of proceedings from the motion so we cannot determine if the trial court abused its discretion. Second, even as a pro se litigant, the rules of procedure still apply and she cannot use this as a reason to justify her failure to raise the motion properly or timely. *See State v. Hoff*, 31 Wn. App. 809, 812, 644 P.2d 763 (1982). Third, although Amy requests leniency because she is representing herself pro se, courts do not entitle special consideration based on this status. *Id.* ("In short, a pro se [party] is simply not entitled to special consideration.").

*4. Evidence Considered by the Trial Court*

Amy contends that the trial court erred by accepting uncorroborated and prejudicial testimony regarding her fitness as a parent, leading to the improper suspension of her parenting time. But again, Amy failed to appeal the parenting plan, failed to designate the report of proceedings and without a proper record, this court is unable to review the testimony she challenges. *See Olmsted*, 72 Wn. App. at 183. Even if Amy had properly designated the record, this court does not reevaluate the record to reweigh evidence or make credibility determinations. *Ancier v. Dept. of Health*, 140 Wn. App. 564, 575, 166 P.3d 829 (2007). She fails to assert that the court abused its discretion in considering the evidence admitted at trial.

## 5. *Counterclaims*

Amy contends that the trial court violated "procedural fairness" by limiting her ability to present her case. She contends that multiple subpoenas were unanswered even into trial including the children's personal counselors, a relevant CPS investigation remained unopened, and a forensic audit of a phone with key evidence was still not complete. Her request for a continuance of trial was denied even though the majority of the key evidence concerning correct financials and the children's mental health was still not discovered.[2]

"'[T]he decision to grant or deny a motion for a continuance rests within the sound discretion of the trial court.'" *State v. Flinn*, 154 Wn.2d 193, 199, 110 P.3d 748 (2005) (quoting *State v. Downing*, 151 Wn.2d 265, 272, 87 P.3d 1169 (2004)) (alteration in original). As such, we will not disturb the decision unless the appellant can make a showing that the trial court abused its discretion. *See id*.

Here, we are unable to determine whether the trial court abused its discretion by denying Amy's motion for a continuance because she failed to designate a proper record. Without a record identifying the court's reason for denying the continuance we are unable to determine if it was an abuse of discretion.

---

[2] Amy then quotes random parts in length of her motion and declaration for a new trial that was filed with the court along with random civil rules.

6. *Sixth and Seventh Assignments of Error*

Amy assigns error to (1) the trial court's alleged failure to follow statutory guidelines in determining her financial needs in relation to spousal maintenance and child support, and (2) the trial court's alleged misapplication of Washington State law concerning the equitable division of community property.

An appellant is required to identify assignments of error, which contain a "concise statement of each error a party contends was made by the trial court" along with reference to material portions of the challenged finding in the brief or appendix. RAP 10.3(a)(4), 10.4(c). Additionally, the RAPs require an appellant's brief to "[r]eference to the record . . . for each factual statement" along with "a statement of the facts and procedure relevant to the issues." RAP 10.3(a)(5). Furthermore, the brief must contain "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6).

Here, Amy does not provide an argument section in her brief in support of this assignment of error with citation to legal authority or relevant parts of the record, violating the above cited RAPs. Amy does briefly discuss financials in her reply brief, but this is too late to warrant consideration. *See Bergerson v. Zurbano*, 6 Wn. App. 2d 912, 925-26, 432 P.3d 850 (2018). Consequently, we deny review of this issue.

No. 40216-9-III
*In re the Marriage of Jeffrey & Amy Knowles*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Staab, A.C.J.

WE CONCUR:

_____
Fearing, J.

_____
Cooney, J.